# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST
2005-1CB, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2005-1CB,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND ALESSI & KOENIG,
LLC, A NEVADA LIMITED LIABILITY
COMPANY,
Respondents.

No. 68165



FILED

JUN 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in a declaratory relief and quiet title action. Eighth Judicial District Court, Clark County; Nancy A. Becker, Senior Judge.[1] Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Having considered the parties' arguments and the record, we agree with the district court that there was no question of material fact that the HOA's foreclosure sale extinguished Bank of New York Mellon's (BNYM) deed of trust and that respondent SFR Investments was entitled to summary judgment. *See SFR Invs. Pool 1, LLC v. U.S Bank, N.A.*, 130

---

[1]Although Senior Judge Becker signed the final judgment, Judge James Crockett presided over the district court proceedings.

18-22875

Nev. 742, 758, 334 P.3d 408, 419 (2014) (observing that an HOA's proper foreclosure of its superpriority lien extinguishes a deed of trust). Although BNYM contends that its loan servicer tendered the superpriority lien amount to the HOA's agent via an August 2012 letter, we are not persuaded that BNYM's future offer to pay the superpriority lien amount, once that amount was determined, was sufficient to constitute a valid tender.[2] *See Southfork Invs. Grp., Inc. v. Williams*, 706 So. 2d 75, 79 (Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not enough."); *Cochran v. Griffith Energy Serv., Inc.*, 993 A.2d 153, 166 (Md. Ct. Spec. App. 2010) ("A tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." (internal quotation marks omitted)); *Graff v. Burnett*, 414 N.W.2d 271, 276 (Neb. 1987) ("To determine whether a proper tender of payment has been made, we have stated that a tender is more than a mere offer to pay. A tender of payment is an offer to perform, coupled with the present ability of immediate performance, which, were it not for the refusal of cooperation by the party

---

[2]*Ebert v. Western States Refining Co.*, 75 Nev. 217, 337 P.2d 1075 (1959), does not support BNYM's position. *Ebert* addressed when a party's performance of a contractual condition could be excused by virtue of the other contracting party having already breached the contract. 75 Nev. at 222, 337 P.3d at 1077. Here, no contractual relationship existed between BNYM and the HOA or the HOA's agent, nor did the HOA or the HOA's agent indicate to BNYM before the 2012 letter that any future tender would be rejected.

to whom tender is made, would immediately satisfy the condition or obligation for which the tender is made."); *McDowell Welding & Pipefitting, Inc. v. Unites States Gypsum Co.*, 320 P.3d 579 (Or. Ct. App. 2014) ("In order to serve the same function as the production of money, a written offer of payment must communicate a present offer of timely payment. The prospect that payment might occur at some point in the future is not sufficient for a court to conclude that there has been a tender . . . ." (internal quotations, citations, and alterations omitted)); *cf.* 74 Am. Jur. 2d Tender § 1 (2018) (recognizing the general rule that an offer to pay without actual payment is not a valid tender); 86 C.J.S. Tender § 24 (2018) (same).

Absent satisfaction of the superpriority portion of the HOA's lien or any other argument from BNYM regarding the propriety of the foreclosure sale, that sale extinguished BNYM's deed of trust. *SFR Invs.*, 130 Nev. at 758, 334 P.3d at 419. Although we agree with BNYM that the district court erroneously concluded that commercial reasonableness is an "irresolvable issue," BNYM did not present any evidence that the sale was commercially unreasonable other than the low sales price or, more to the point, any evidence that the sale was affected by fraud, unfairness, or oppression.[3] *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 646-49 & n.7 (2017) (observing that a commercial reasonableness inquiry is similar to the fraud/unfairness/oppression inquiry applicable to real property foreclosure

---

[3]We decline to consider BNYM's contention, made for the first time in its reply brief, that the district court "incorrectly denied NRCP 56(f) relief." *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011).

SUPREME COURT
OF
NEVADA

(O) 1947A

3

sales and further reaffirming this court's precedent that a low sales price alone is insufficient to set aside a foreclosure sale). Although BNYM suggests that the HOA's agent "did not engage in fair dealing" by not responding to BNYM's payoff request and not referencing the payoff request at the foreclosure sale, there is no evidence in the record indicating why the HOA's agent did not respond to that request, and it would be purely speculative to conclude that the failure to respond amounted to fraud, unfairness, or oppression for purposes of invalidating the sale.[4] *See id.* at 647-49. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Chief Judge, The Eighth Judicial District Court
       Hon. Nancy A. Becker, Senior Judge
       Akerman LLP/Las Vegas
       Kim Gilbert Ebron
       HOA Lawyers Group, LLC
       Eighth District Court Clerk

---

[4]We are not persuaded that the failure of the HOA's agent to reference the payoff request at the sale "detrimentally affected the sales price," as it appears the opposite would be the case if the HOA's agent had incorrectly informed bidders that the superpriority portion of the lien had been satisfied.